# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PARRA,<br><br>                Petitioner,<br><br>     v.<br><br>W.J. SULLIVAN,<br><br>                Respondent. | Case No. LACV 18-1724-JLS (LAL)<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

## I.

## PROCEEDINGS

On March 1, 2018, Peter Parra ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.) On May 3, 2019, Respondent filed an Answer. (Dkt. No. 21.) Petitioner did not file a Reply.

On October 17, 2019, this action was transferred to the currently assigned magistrate judge. (Dkt. No. 26.) A copy of the transfer order was served on Petitioner via mail at his address of record. On October 28, 2019, Petitioner's mail was returned to the Court with a notation that Petitioner was "Inactive." (Dkt. No. 27 at 4.)

On March 27, 2020, the magistrate judge issued a Report and Recommendation and served a copy on Petitioner via mail at his address of record. (Dkt. No. 29.) Petitioner did not file Objections to the Report and Recommendation. On April 11, 2020, Petitioner's mail again was returned to the Court with a notation that Petitioner was "Inactive." (Dkt. No. 30 at 3; Dkt.

No. 31 at 3.)

On May 5, 2020, the magistrate judge ordered Respondent to update the Court on Petitioner's status. (Dkt. No. 32.) On May 6, 2020, Respondent filed a response to the Court's order informing the Court Petitioner is deceased. (Dkt. No. 33.)

## II.

## DISCUSSION

Mootness is a constitutionally imposed limit on the jurisdiction of the federal court. U.S. Const. Art. III, § 2. For a federal court to have jurisdiction over a case, there must be an actual case or controversy at the time the case is decided. See Preiser v. Newkirk, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). "If there is no longer a possibility that a[] [litigant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999). Dismissal of a habeas corpus petition as moot is proper due to the death of a petitioner. Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003).

Here, because Petitioner has died, he cannot obtain the relief sought by the current Petition, and no case or controversy currently exists. Thus, the Petition is moot and must be dismissed for lack of jurisdiction.

## III.

## ORDER

IT IS THEREFORE ORDERED that: (1) the Report and Recommendation issued on March 27, 2020 is hereby withdrawn; and (2) Judgment shall be entered dismissing this action for lack of jurisdiction.

DATED: July 1, 2020

_____
HONORABLE JOSEPHINE L. STATON
United States District Judge